IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Janice Barnwell, | ) | Civil Action No. 9:18-cv-2326-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Magellan Health, Inc.; Magellan Health Services, Inc.; Magellan Healthcare, Inc.; The Magellan Healthcare Group, LLC; Douglas Foita, Regional Supervisor; Jennifer Friedrich, Regional Director; Barry Morgan Smith, CEO; Cheryl Simms, Behavioral Specialist of Marine Corps Community Service; Honorable Richard Spencer, Secretary of Navy; United States Marine Corps; | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 67) recommending the Court grant in part, deny in part Defendants' motions to dismiss. For the reasons set forth below, the Court adopts R & R as the order of the Court and dismisses part of Plaintiff's complaint.

I. **Background**

Plaintiff, a *pro se* individual, filed the instant action asserting claims of discrimination against Defendants. Plaintiff is a former employee of Defendant Magellan Health, Inc. Plaintiff alleges she is an African-American female who is over the age of forty. In her first and second causes of action, she asserts Defendants discriminated against her on the basis of race and sex, in violation of Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e, et seq. (Dkt. No. 1 at 14–15.) In her third cause of action, Plaintiff alleges she was discriminated against due to her age in

1

violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626, et seq. (*Id.* at 15.) In her fourth cause of action, she alleges she was retaliated against in violation U.S.C. § 1981 and Title VII. (*Id.* at 15–16.) Multiple defendants filed motions to dismiss Plaintiff's claims.

Defendants Magellan Health, Inc., Magellan Health Services, Inc. and Magellan Healthcare, Inc. ("Magellan Defendants") filed a partial motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6). (Dkt. No. 30.) Defendant Barry Morgan Smith filed a motion to dismiss pursuant to Rule 12(b)(6). (Dkt. No. 39.) Defendants Richard Spencer and the United States Marine Corps filed a motion to dismiss and/or in the alternative motion for summary judgment. (Dkt. No. 46.) Defendants Douglas Foita and Jennifer Friedrich filed a motion to dismiss pursuant to Rule 12(b)(5). (Dkt. Nos. 54.) Defendant Douglas Foita filed a separate motion to dismiss pursuant to Rule 12(b)(5) and 12(b)(6) (Dkt. No. 57.)

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL

1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections in this case and the R & R is reviewed *de novo*.

## B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## C. Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although

3

the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction challenges the jurisdiction of a court to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A challenge to subject-matter jurisdiction may contend either (1) that the complaint fails to allege facts sufficient to establish subject matter jurisdiction or (2) "that the jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Where the sufficiency of the jurisdictional allegations in the complaint is challenged facially, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (2009). If, however the defendant contends "that the jurisdictional allegations of the complaint [are] not true," the plaintiff bears the burden to prove facts establishing jurisdiction and the district court may "decide disputed issues of fact." *Id.* In that case, because the plaintiff's allegations are not presumed true, "the court should resolve the relevant factual disputes only after appropriate discovery." *24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 629 (4th Cir. 2016).

Under Rule 12(b)(5), a defendant can move to dismiss a complaint where service of process failed to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) requires services of process within ninety days after the complaint is filed. If service does not

occur within that period, the court must dismiss the action unless the plaintiff shows good cause for the failure, in which case the court must extend the time for service. Fed. R. Civ. P. 4(m).

### III. Discussion

#### A. Magellan Defendants

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the issues. The Magellan Defendants move to dismiss Plaintiff's complaint based on untimely filing upon receipt of Plaintiff's right to sue letter and the scope of Plaintiff's sex discrimination charge.

The Court reviewed Plaintiff's Title VII and ADEA claims and finds these claims should remain. Plaintiff avers in her verified complaint that she filed this action within ninety days of receiving her EEOC right to sue letter. (Dkt. No. 1 at 2, 16.) When ruling on a 12 (b)(6) motion to dismiss, the court is required to accept the allegations in the pleadings as true and draw all reasonable factual inferences in favor of the Plaintiff. In their objections to the R & R, the Magellan Defendants cite case law that states when the receipt of the right to sue letter is unknown, it is presumed that service by regular mail is received within three days pursuant to Rule 6(d). *Collins v. Concept Solutions, LLC*, No. 10-1135, 2011 WL 1167199 (E.D. Va. Mar. 25, 2011) (applying three-day rule). Defendants also argue Plaintiff failed to plead facts rebutting the presumption that notice was received three days after the EEOC right to sue letter was mailed to her. (Dkt. No. 69 at 3.) Yet, as the Magistrate Judge noted, the Plaintiff filed her verified complaint *pro se*. (Dkt. No. 67 at 9.) As such, the complaint is treated as an affidavit when the factual allegations contained are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). This Court agrees with the Magistrate Judge that Plaintiff avers she filed the instant lawsuit within ninety days after receiving her EEOC right to sue letter. (Dkt. No. 1 at 2, 16.) As the Magistrate Judge noted, it is appropriate to keep Plaintiff's claims at this stage in the litigation as Defendants

5

are entitled to establish dismissal of these claims if discovery produces facts and evidence to show that Plaintiff's lawsuit was untimely filed. (Dkt. No. 67 at 9.) As such, the Magellan Defendants' motion to dismiss is denied as to Plaintiff's Title VII and ADEA claims.[1]

The Court reviewed Plaintiff's sex discrimination charge and finds this charge should be dismissed. The Plaintiff's EEOC charge does not make a claim of sex discrimination or harassment, nor is the "sex" discrimination box checked on the form. (Dkt. No. 30-2.) In general, the scope of a lawsuit under Title VII is "defined by the scope of the administrative charge from which it arises and from any findings that arise out of the investigation of the charge." *EEOC v. General Elec. Co.*, 532 F.2d 359, 365 (4th Cir. 1976). There is nothing in the pleadings or exhibits cited by the parties that is sufficient to give rise to a plausible claim that Plaintiff exhausted her administrative remedies with respect to her sex discrimination and harassment claims. As such, the Defendants' motion to dismiss is granted as to this claim.[2]

## B. Defendants Spencer and United States Marine Corps

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the claims against Defendants Spencer and the United States Marine Corps. These Defendants move to dismiss Plaintiff's complaint arguing it was untimely filed based on the receipt of her Federal Administration Decision ("FAD"). (Dkt. No. 46-1 at 3.) Federal regulations indicate that a Plaintiff proceeding under Title VII and the ADEA may file a civil action in the United States District Court within ninety days of receipt of the agency's final action on the administrative complaint. *See* 29 C.F.R. § 1614.407(a); *Holmes v. McCarthy*, No. 3:17-CV-

---

[1] In their motions to dismiss, Defendants Barry Morgan Smith and Douglas Foita make the same untimeliness argument as to Plaintiff's Title VII and ADEA claims. (Dkt. Nos. 39-1 at 6; 57-1 at 4.) The Court's ruling extends to deny Defendants Smith and Foita's motions to dismiss as to these claims.

[2] In their motion to dismiss, Defendants Barry Morgan Smith and Douglas Foita makes the same failure to exhaust administrative remedies argument as to Plaintiff's sex discrimination claim. (Dkt. Noss. 39-1 at 7–9; 57-1 at 2) The Court's ruling also extends to grant Defendants Smith and Foita's motions to dismiss as to these claims.

6

000682-MBS-KDW, 2017 WL 5495782, at *1 (D.S.C. Oct. 4, 2017) (explaining federal lawsuit must be filed within ninety calendar days of the date of receipt of the Final Agency Decision unless appeal to the EEOC has been taken.)

A FAD was issued on Plaintiff's federal EEOC complaint on March 14, 2018. (Dkt. No. 46-2 at 17.) The FAD was sent to the same address listed in Plaintiff's complaint via certified mail and Plaintiff signed for receipt of the FAD on March 19, 2018. (Dkt. No. 46-4.) In addition, the FAD includes a warning that the deadline to file suit is ninety days after receipt. (Dkt. No. 46-3 at 6.) Plaintiff filed the instant action on August 21, 2018, one hundred and fifteen days later. (Dkt. No. 1.) Therefore, Plaintiff did not timely file her Title VII and ADEA claims against Defendants Spencer and the United States Marine Corps and these claims are dismissed.

### C. Defendant Barry Morgan Smith, CEO

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed Plaintiff's claims against Defendant Barry Morgan Smith. Defendant Smith seeks to dismiss Plaintiff's Title VII and ADEA claims based on untimely filing upon receipt of plaintiff's right to sue letter; scope of plaintiff' sex discrimination charge; individual liability or liability in an official capacity under Title VII and the ADEA; and § 1981 liability. The Court will discuss the Title VII and ADEA claims against Defendant Smith as an individual and in his official capacity. The Court will also discuss the § 1981 claims against Defendant Smith. The Defendant's arguments for untimely filing upon receipt of Plaintiff's right to sue letter and scope of Plaintiff's sex discrimination charge arguments are the same as the Magellan Defendants.

Upon a review of Plaintiff's Title VII and ADEA claims against Defendant Smith, as an individual and in his official capacity, the Court finds these claims should be dismissed. Under Title VII an individual is not considered an "employer" under the statute and individuals may not be liable in their individual capacities for violations of the statutes. *Lissau v. Southern Food Serv.*,

*Inc.*, 159 F.3d 177, 180– 181 (4th Cir. 1998). As such, Plaintiff's claims against Defendant Smith as an individual are dismissed. Plaintiff also argues she may sue Defendant Smith in his official capacity. (Dkt. No. 52 at 2.) Yet, Plaintiff's claims against Defendant Smith are duplicative of her claims against the Magellan Defendants. *Matthews v. Fairfax Trucking, Inc.*, No. 1:14-cv-01219-GBL-IDD, 2015 WL 1906073, at * 5 (E.D. Va. Apr. 13, 2015) (dismissing plaintiff's Title VII official capacity claim as "duplicative of the claims against his employer, Fairfax") (citing *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004) (observing that claims against school board members in their official capacities are essentially claims against the school board.))) As such, Plaintiff's Title VII and ADEA claims against Defendant Smith in his official capacity should be dismissed because they are duplicative of her claims against the Magellan Defendants.[3]

Upon a review of Plaintiff's § 1981 claim, the Court finds this claim should be dismissed. In order for a Plaintiff to make out a claim for individual liability under § 1981, a plaintiff must demonstrate "some affirmative link to causally connect the actor with the discriminatory action." *Hawthorne v. Virginia State Univ.*, 568 F. App'x 203, 204–05 (4th Cir. 2014). In this case, Plaintiff failed to allege a causal relationship between Defendant Smith and the retaliatory conduct she alleges she suffered. As such, the Court adopts the R & R of the Magistrate Judge to dismiss Plaintiff's claim for § 1981 liability against Defendant Smith.

D.     **Defendands Douglas Foita and Jennifer Friedrich**

Upon a review of the parties' arguments and the R & R, the Court finds the Magistrate Judge ably addressed the claims against Defendants Douglas Foita and Jennifer Friedrich. These Defendants move to dismiss Plaintiff's complaint for untimely services of process. Defendant

---

[3] In his motion to dismiss, Defendant Douglas Foita makes the same argument as to Plaintiff's Title VII and ADEA claims as an individual or in his official capacity. (Dkt. No. 57-1 at 1, 4.) The Court's ruling also extends to grant Defendant Foita's motion to dismiss as to these claims.

8

Foita additionally seeks to dismiss Plaintiff's complaint due to untimely filing upon receipt of Plaintiff's right to sue letter; scope of Plaintiff's sex discrimination claim; and liability against Defendant Foita as an individual or in his official capacity under Title VII and the ADEA. The Court will discuss Defendants' untimely service of process argument. Defendant Foita's other arguments are the same as the Magellan Defendants and Defendant Smith.

Upon a review of Plaintiff's claims against Defendants Foita and Friedrich, the Court finds the claims should be dismissed due to untimely service of process as to Defendant Friedrich. Pursuant to Rule 4(m), "if a defendant is not served within ninety (90) days after the complaint is filed, the court- on motion or on its own after notice to the Plaintiff- must dismiss the action without prejudice against that Defendant . . . but if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4 (m). In this case, Plaintiff demonstrates good cause for failing to serve Defendant Foita within the proscribed period.

Plaintiff received an extension of time until March 29, 2019 to complete service on Defendants. (Dkt. No. 33.) A summons and complaint for Defendants Foita and Friedrich were sent to Sonya Adams at the United States Marshal Service, which was received on March 4, 2019. (Dkt. No. 61-1 at 2–4.) The U.S. Marshal indicated that there was another address for Defendant Freidrich in Florida and the process was sent to that office. (*Id.* at 4–5, 9) A response was not received on Defendant Foita at the Charleston address listed. (*Id.* at 2, 9.) The U.S. Marshal indicated it had one hundred and twenty days to serve from the date the paperwork was received. (*Id.* at 9.) The U.S. Marshal attempted service on Defendant Foita on March 13, 14, and 18, 2019 with no success. (*Id.* at 2.) Plaintiff maintains she utilized a skip-trace program to uncover Defendant Foita's whereabouts. (*Id.* at 11–13.) After receiving the correct address and making unsuccessful attempts at service, the U.S. Marshal finally served Defendant Foita on May 13, 2019.

(*Id.* at 15.) Based on this record, the Plaintiff establishes good cause for the delay serving Defendant Foita.

With regard to Defendant Friedrich, service was attempted by leaving a copy of the summons and complaint in a mailbox at an address in Atlanta, Georgia. (Dkt. No. 61-1 at 4–8.) This is not proper service on the Defendant. *See* Fed. R. Civ. P. 4(e)(2). Rule 4(e)(1) allows service following the state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Georgia's statute governing service of process for individuals provides that "a plaintiff can serve the defendant by: delivering a copy of the summons and complaint to the defendant personally; leaving the copies at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who lives there; or delivering copies to an agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4 (e)(2); O.C.G.A. § 9-11-4 (e)(7). Georgia's law, like the federal rule does not allow for service by leaving a copy of the summons and complaint in a Defendant's mailbox. Accordingly, Defendant Friedrich's motion to dismiss Plaintiff's claims against her for untimely service is granted.

In summary, the following claims are dismissed: (1) plaintiff's sex discrimination claim against the Magellan Defendants, Defendant Smith, and Defendant Foita; (2) Plaintiff's Title VII and ADEA claims against Defendants Spencer and the United States Marine Corps; (3) Plaintiff's § 1981 claim against Defendant Smith; (4) Plaintiff's Title VII and ADEA claims against Defendants Smith and Foita for individual liability and liability in an official capacity; (5) and all of Plaintiff's claims against Defendant Friedrich.

## IV.    Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge is **ADOPTED** as the order of the Court. (Dkt. No. 67.) Defendants' motions to dismiss (Dkt. Nos. 30, 39, 46, 54, 57) are **GRANTED IN PART**, **DENIED IN PART**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 2, 2019
Charleston, South Carolina